IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA M. BUCKLEY        Docket No.:  4:18-cv-01720-MWB

        Plaintiff

v.

GEISINGER CLINIC, GEISINGER      HONORABLE
HEALTH and JERSEY SHORE        MATTHEW W. BRANN
FOUNDATION, INC., d/b/a
JERSEY SHORE MEDICAL
ASSOCIATES,

        Defendants.

## ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**AND NOW COME** Defendants, GEISINGER CLINIC, GEISINGER HEALTH, and JERSEY SHORE FOUNDATION, INC., d/b/a JERSEY SHORE MEDICAL ASSOCIATES (hereinafter, collectively the "Defendants"), by and through their undersigned counsel, and file the within Answer with Affirmative Defenses ("Answer") to the Complaint of Barbara Buckley (hereinafter, "Buckley" or "Plaintiff").

The numbered paragraphs of the Answer correspond to the like-numbered paragraphs of the Complaint, and, unless specifically admitted herein, each factual averment in the Complaint is hereby denied.

I.    Jurisdiction

1.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

2.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

II.   Venue

3.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

4.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

III.   The Parties

5.      Denied.   Defendants, after reasonable investigation, are without information or belief as to the averments set forth in this paragraph and, as such, the same are therefore denied with strict proof demanded.

6.      Admitted with clarification.  It is admitted that Geisinger Clinic is a Pennsylvania 501(c)(3) not-for-profit corporation.

7.      Admitted with clarification.  It is admitted that Geisinger Health is a Pennsylvania 501(c)(3) not-for-profit corporation that serves as corporate parent and coordinates and supervises the activities of all Geisinger Health System affiliates and entities, including Geisinger Clinic, Jersey Shore Hospital Foundation, Inc., and Geisinger Jersey Shore Hospital.  Geisinger Health is not a licensed health care provider nor does it provide health care services to patients.  It serves to ensure the system-affiliated entities have adequate financial resources to fulfill their missions and to initiate and administer grant and philanthropic support programs for all Geisinger Health System entities.

8.      Admitted with clarification.  It is admitted that Jersey Shore Medical Associates is a registered fictitious name for Jersey Shore Hospital Foundation Inc., which is a subsidiary of Geisinger Health.

III.    Factual Background

9.     Denied.    Defendants, after reasonable investigation, are without information or belief as to the averments set forth in this paragraph concerning Plaintiff's current licensure status and/or her exact dates of employment with Jersey Shore Medical Associates, and, as such, the same are therefore denied with strict proof demanded.  All remaining averments of this paragraph are also denied.

10.    Denied.    Defendants, after reasonable investigation, are without information or belief as to the averments set forth in this paragraph concerning what Plaintiff was "advised" and/or what Plaintiff "expected", and, as such, the same are therefore denied with strict proof demanded.  The remaining averment within this paragraph refers to a written document that speaks for itself and Defendants deny Plaintiff's characterization of the same.  By way of further response, upon information and belief, Jersey Shore Medical Associates ("Jersey Shore") previously employed Plaintiff.  In 2017, Geisinger Health completed a merger with Jersey Shore.   Employees of Jersey Shore, including Plaintiff, were offered employment with Geisinger Clinic subject to satisfactory completion of the required credentialing packet and credentialing process.  When Plaintiff failed to complete and return the required credentialing packet, despite repeated follow up, the offer of employment was withdrawn.

11.     Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

12.     Admitted in part. Denied in part.  It is only admitted that Plaintiff turned 61 years old in 2017.  The remaining averments of this paragraph are denied.

13.     Denied as stated.  By way of further response, Defendants hereby incorporate by reference their response to Paragraph 10.

14.     Denied as stated.  The "agreement" referred to in this paragraph is a written document which speaks for itself and Defendants deny Plaintiff's characterization of the same.

15.     Denied as stated.  In connection with the offer of employment by Geisinger Clinic, Plaintiff, in the same fashion as all other employees, was required to complete a credentialing packet with respect to her contemplated employment with Geisinger Clinic.  When Plaintiff failed to complete and return the required credentialing packet, despite repeated follow up, the offer of employment was withdrawn.

16.     Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the

averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

17.     Admitted in part. Denied in part.  It is admitted only that Plaintiff had on more than one occasion stated that she had completed and would be returning her credentialing packet; however, she never returned the same to Defendants – despite repeated follow up. Completion of the credentialing packet was a prerequisite for employment with Geisinger Clinic.   All remaining averments within this paragraph are denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.   The averments in this paragraph are conclusions of law to which no response is required.   To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

22.     Denied.   The averments in this paragraph are conclusions of law to which no response is required.   To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

## COUNT I –AGE DISCRIMINATION
## DISCHARGE/FAILURE TO HIRE
## PLAINTIFF V. DEFENDANTS

23.    Defendants hereby incorporate by reference their responses to the preceding paragraphs as if set forth at length herein.

24.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.  By way of further response, Plaintiff was not 61 years old on June 30, 2017.

25.    Denied.

26.    Admitted in part.  Denied in part.  It is admitted only that the offer of employment made to Plaintiff by Geisinger Clinic was withdrawn when Plaintiff failed to complete and return the required credentialing packet, despite repeated follow up.  All remaining averments within this paragraph are denied.

27.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

28.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the

averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

29.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

30.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

WHEREFORE, Defendants respectfully request judgment in its favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

## COUNT II-INTERFERENCE-FMLA
## PLAINTIFF V. DEFENDANTS

31.    Defendants hereby incorporate by reference their responses to the preceding paragraphs as if set forth at length herein.

32.    Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

33.     Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

WHEREFORE, Defendants respectfully request judgment in its favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

## COUNT III-RETALIATION-FMLA
## PLAINTIFF V. DEFENDANTS

34.     Defendants hereby incorporate by reference their responses to the preceding paragraphs as is set forth at length herein.

35.     Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

36.     Denied.  The averments in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the averments are specifically denied and strict proof thereof is demanded at the time of trial if deemed relevant.

WHEREFORE, Defendants respectfully request judgment in its favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims.  Defendants have not yet obtained all necessary discovery from Plaintiff or others in connection with this action and, therefore, reserve the right to amend or otherwise supplement this pleading.  Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in its Answer, and without assuming the burden of proof on matters and issues other than those on which Defendants have the burden of proof as a matter of law, Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants maintain policies against discrimination, harassment and/or retaliation and a reasonable and available procedure for handling complaints thereof which provide prompt and effective responsive action.  Defendants have

exercised reasonable care to prevent and correct promptly any unlawful discriminatory, harassing, and/or retaliatory behavior.  To the extent Plaintiff failed to exercise reasonable care in avoiding the alleged harm under the Defendants' anti-discrimination, anti-harassment, and anti-retaliation policies and procedures by minimizing or otherwise availing herself of these policies and procedures, Plaintiff's claims of alleged harassment, discrimination are barred.

## THIRD AFFIRMATIVE DEFENSE

The Complaint has failed to articulate a *prima facie* case of discrimination, retaliation, violation of the FMLA and/or any other cause of action.

## FOURTH AFFIRMATIVE DEFENSE

All actions taken by Defendants relative to Plaintiff were based on legitimate, non-discriminatory/non-retaliatory legal factors other than the illegal factors alleged by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that the legitimate business reasons offered by Defendants are pretext for discrimination.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the after acquired evidence doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to exhaust his administrative remedies, this Honorable Court does not have subject matter jurisdiction over this matter.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has identified entities in this matter as defendants that do not currently employ Plaintiff, have never employed Plaintiff, and to which Plaintiff has never sought employment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to support a claim for compensatory, punitive or other damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel, and/or unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth any cause of action against Defendants upon which damages and her respective prayers for relief may be rewarded.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy the prerequisites for employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish successor liability with respect to any of her claims.

WHEREFORE, Defendants respectfully requests judgment in their favor and against Plaintiff, together with costs, expenses and fees incurred and such other relief as the Court may deem just and appropriate.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By:   *s/Anthony F. Andrisano, Jr.*
      Anthony F. Andrisano, Jr.
      ID # 201231
      Sunshine J. Thomas, Esquire
      I.D. #200130
      409 North Second Street, Suite 500
      Harrisburg, PA  17101
      (717) 237-4800
      Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was transmitted to the Court ***electronically*** for filing and for service upon the following parties this day:

William James Rogers, Esq.
Thomas Anderson, Esq.
Thomson, Rhodes & Cowie, P.C.
Firm #270
Two Chatham Center, 10th Floor
Pittsburgh, PA 15219-3499


By: ___*s/Krista M. Kiger*_____
Krista M. Kiger
Practice Assistant

Dated: October 30, 2018